<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REYAD HASSAN MOHSEN, : | |
| : | Civil Action No. 07-237(SDW) |
| Plaintiff, : | |
| v. : | |
| ALBERTO R. GONZALEZ, Attorney : | **OPINION and ORDER** |
| General of the United States, : | |
| Michael Chertoff, Secretary for the : | |
| Department of Homeland Security, : | July 18, 2007 |
| Emilio T. Gonzalez, Director, : | |
| United States Citizenship and Immigration : | |
| Services (CIS), RUSSEL OWEN, Acting : | |
| District Director, CIS; Robert S. Mueller, III,: | |
| Director Federal Bureau of Investigation : | |
| (FBI); MICHAEL V. HAYDEN, Director of : | |
| Central Intelligence Agency (CIA), : | |
| : | |
| Defendants. : | |

**WIGENTON,** District Judge.

Plaintiff Reyad H. Mohsen filed his Petition for Hearing on Naturalization and Complaint for relief under the Mandamus Act and Administrative Procedures Act ("APA"), 28 U.S.C. § 1362 and 5 U.S.C. § 555(b) <u>et</u> <u>seq.</u>, respectively, seeking to expedite the adjudication of his naturalization application. Defendants have filed a Motion to Dismiss or Remand. The Court, having considered the parties' submissions and having decided the motions without oral argument pursuant to Fed. R. Civ. P. 78, and for the reasons set forth below, denies Defendants' Motion to Dismiss and grants Remand of this matter to CIS with instructions.

**DISCUSSION**

A lawful permanent alien is eligible for naturalization as a United States citizen if he (1) satisfies the five-year statutory residency requirement; (2) has resided continuously in the United States from the date of application to the time of admission as a citizen; and (3) is of good moral character. 8 U.S.C. §1427(a). To become a citizen, the applicant must file an application for naturalization (Form N-400). 8 U.S.C. §1445(a); 8 C.F.R §334.2. Citizen Immigration Services ("CIS") must then conduct a background investigation, including a review of all pertinent immigration and police records and a neighborhood investigation. 8 U.S.C. §1446(a); 8 C.F.R. §335.1. Lastly, the applicant must be interviewed by an examiner. 8 U.S.C. §1446(d). During this interview the applicant must successfully complete testing with regard to the statutory requirements of English proficiency and knowledge of United States history and government.   8 U.S.C. §1423(a). It is significant that CIS has adopted a regulation requiring that an initial examination on an applicant's naturalization application occur **only after** CIS has received a definite response from the FBI that a full criminal background check, called the name check ("check"), has been completed. 8 C.F.R. §335.2(b). Further, "a decision to grant or deny the application shall be made at the time of the initial examination of the applicant for naturalization under § 335.2." 8 C.F.R. §335.3.

Plaintiff is a lawful permanent resident and applied for U.S. citizenship on January 25, 2003. He was interviewed and passed his examination on February 4, 2004 but is awaiting final determination of his application because his check has not been completed. Plaintiff argues that Defendants have violated 8 U.S.C. §1447(b) because more than 120 days have lapsed since his examination and no adjudication has been made as to his application. The relevant statute provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court . . . for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. §1447(b).

Plaintiff contends the 120 day period has been violated as no timely determination has been made on his application and this Court therefore has jurisdiction. Further, Plaintiff seeks relief under the Mandamus statute, which provides this Court with jurisdiction to compel CIS to perform its duties and process his naturalization application, including performance of the check. With regard to the APA, Plaintiff contends CIS is required to carry out its duties within a reasonable time and that the delay in processing his application for naturalization is unreasonable and well beyond the normal processing time frame and the processing time specified by law. (Complaint at §5.) Under 28 U.S.C. §1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." The APA provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. 555(b).

Defendants move to dismiss on the basis that this matter is not ripe for resolution and that this Court lacks subject matter jurisdiction because the performance of the checks have no statutory time requirement and that all stages of the application process must be complete to trigger the 120 day period.[1] In the alternative, Defendants seek remand so that the check may be

---

[1] Defendants further move to dismiss this action against the CIA because there is no claim upon which relief can be granted, but make no arguments in support thereof.

completed and cites to a 1997 appropriations requirement that the completion of the check must be performed before adjudication of an application for naturalization can occur.  See Pub.L.05-119, Tit. I, Nov. 26, 1997, 111 Stat. 2448.

The issue of whether the 120 days tolls at the initial examination or upon completion of the check was recently addressed by the Honorable Stanley R. Chesler, U.S.D.J., in Kheridden v. Chertoff, et. al., Slip Copy 2007 WL 674707 (D.N.J.).  However, there is no Third Circuit Court of Appeals decision on this issue in our district.  Nevertheless, Defendants urge this Court be guided by a recent Fifth Circuit decision which interprets the 120 day period as beginning at the completion of the check, not the initial interview.  Walji v. Gonzalez et. al., – F.3d –, 2007 WL 1747911(C.A.5 (Tex.)).  However, a decision of another circuit is not binding in this court. See Kinder Morgan Liquids, et al. v. Borough of Carteret, 2006 U.S.Dist. Lexis 22300 (D. NJ. March 30, 2006) (stating "this court is not bound by decisions issued by the First Circuit.  This court is bound by Third Circuit decisions"); In Re Mariel Cuban Habeas Corpus Petitions, 822 F.Supp. 192, 195 (M.D.Pa.)(stating "a decision of the Tenth Circuit [] is not binding in this court").  A Third Circuit federal district court is bound only by the pronouncements of the Third Circuit Court of Appeals.  UTI Corp. v. Fireman's Fund Ins. Co. et. al., 896 F.Supp 362, 379 (D.NJ. 1995).

Whether this Court has jurisdiction over this matter depends on the statutory meaning of the term "examination", as used in 8 U.S.C. §1447(b).  Plaintiff argues that this Court has subject matter jurisdiction because the February 2004 interview constituted that examination and more than 120 days have passed since that time.  Defendants argue the term "examination" refers to an ongoing process and is not triggered until the check is complete.  This Court is not persuaded by Defendants' arguments and finds that "examination" refers to a specific event, the applicant's

interview with CIS, rather than the ongoing process. Most districts addressing this issue have so concluded. Kheridden, supra, at 3 (citations omitted). District courts have continued to do so even post - Walji. See, e.g., Yang v. Chertoff, Slip Copy, 2007 WL 1974943 (S.D.Cal. July 2, 2007)(remanding to CIS with instructions to determine naturalization application within 120 days); Al-Mohammed v United States Citizenship and Immigration Service, Slip Copy, 2007 WL 2004866 (E.D.Mich. July 9, 2007)(remanding to CIS with instructions to determine naturalization application within 120 days). Any requirement that the check be conducted before naturalization can occur is of no moment since this Court can mandate that CIS take specific action in the alternative of determining the application itself.[2] In the instant matter, over 120 days have elapsed since Plaintiff's February 4, 2004 examination. In light of these determinations, this Court has jurisdiction. 8 U.S.C. 1447(b); Kheridden, supra; Perry v. Gonzales, 472 F.Supp.2d 623, 630 (D.NJ. 2007); El-Daour v. Michael Chertoff, et al, 417 F.Supp.2d 679, 683 (W.D.Pa. 2005). Therefore, Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

Pursuant to §1447(b), this Court may either determine the matter of naturalization or remand the matter to CIS with instructions as to proceeding forward. 8 U.S.C. 1447(b). Plaintiff requests this Court adjudicate his naturalization application. Defendants have argued that this Court should decline to do so and remand to CIS with no instructions. This Court will not adjudicate Plaintiffs' applications, as the FBI checks have not been completed. This component is an integral part of the process of naturalization and against the backdrop of a post 9/11 era, necessary. The check is also statutorily required, pursuant to 8 U.S.C. §1446(a). This Court is

---

[2] A district court may either determine the matter of naturalization or remand it, with appropriate instructions. 8 U.S.C. §1447(b).

not equipped to conduct such a check and to adjudicate the application without this integral component would be contrary law.  Nevertheless, this Court is concerned that this process is being delayed by the failure to conduct the check, as Plaintiff's application has been pending over 3 years.  This is the approximate time frame considered in <u>Kheridden</u>, <u>supra</u>, and the delay makes a remand with instructions warranted.  Therefore, at this juncture, this Court will remand this matter to CIS with instructions to use its best efforts to determine the status of Plaintiff's checks and expedite this process.  Once CIS receives the results of the check, it is directed to make a decision on Plaintiffs' applications as expeditiously as possible, but no later than 60 days after receipt of the check results.  Plaintiff shall be permitted to renew his application before this Court if the check has not been concluded within 180 days.  This Court will retain jurisdiction to consider alternative remedies shall these efforts prove fruitless.

## **CONCLUSION**

For all the reasons set forth above, this Court Denies Defendants' Motion to Dismiss and Remands this matter to CIS for completion of the FBI check.

**SO ORDERED.**

s/Susan D. Wigenton, U.S.D.J.